# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAYLEN M. LEWIS**                                                                  **PLAINTIFF**
**#97302**

v.                              No: 4:23-cv-01011-LPR-PSH

**POPE COUNTY DETENTION CENTER,** *et al.*              **DEFENDANTS**

## INITIAL ORDER FOR *PRO SE* PRISONER PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

IT IS THEREFORE ORDERED THAT:

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second:  Pay the Filing Fee.**  Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply for leave to proceed *in forma pauperis* ("IFP").  If you are granted IFP status, the filing fee is $350, which will be collected in installments from your prisoner account.  Importantly, the entire filing fee will be collected, even if your lawsuit is dismissed.

The provided financial information demonstrates that you do not have sufficient funds to pay the filing fee.  Thus, your IFP motion, Doc. No. 1, is GRANTED.  The Court assesses an initial partial filing fee of $29.75.  Your custodian is directed to collect the initial partial filing fee and monthly payments equal to 20% of the preceding month's income in your institutional account each time the amount in that account is greater than $10.  Your custodian must send those payments to the Clerk until a total of $350 has been paid.

**Third: Provide Addresses for Service.**  All defendants must be served with the complaint and a summons within 90 days of the filing of a complaint.  This includes "John/Jane Doe" defendants.  Any defendant who is not served within 90 days can be dismissed, without prejudice, from the lawsuit.  If you are proceeding IFP, the Court will order service of process on the defendants if it determines that service is appropriate after screening your complaint as required by 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e).  However, it is your responsibility to identify

defendants, including "Doe" defendants, and to provide valid service addresses for defendants. You may send discovery requests, or use other means, to find valid service addresses for defendants.

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a jury trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Seventh: Provide a Witness List.** If your case is set for a hearing or trial, as your hearing or trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will make efforts to ensure the attendance of all appropriate witnesses.

IT IS FURTHER ORDERED THAT:

1.	The Clerk is directed to send a copy of this Order to the Pope County Sheriff.

2.	The Court will not order service of process at this time but instead directs Lewis to file an amended complaint to clarify his claims. He should note that a county detention center is not a suable entity. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Lewis claims his due process rights were violated, but he does not describe facts supporting a due process claim.[1] Rather, he alleges that he was injured due to some welding that took place outside his cell window. Doc. No. 2 at 4. He states that he received medical treatment for an injury to his eye. *Id.* at 5-6. It is not clear why he believes the named individual defendants (Reyna, Brad Grittion, and Misty Boze) violated his constitutional rights. To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970). And to state a constitutional claim for inadequate medical treatment, Lewis must specifically describe how each named defendant was deliberately indifferent to his serious medical needs or placed him at substantial risk of harm. *See Coleman v.*

---

[1] A plaintiff cannot maintain a due process claim unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003).

*Rahija,* 114 F.3d 778, 784 (8th Cir. 1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. *Id.; see also Farmer v. Brennan,* 511 U.S. at 837; *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

The Clerk of Court is directed to send Lewis a blank § 1983 form; Lewis must use this form to file his amended complaint. Lewis is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Lewis fails to file an amended complaint conforming to this order within thirty days, the Court may recommend dismissal of Lewis' claims for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 23rd day of October, 2023.

UNITED STATES MAGISTRATE JUDGE