# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAYLEN M LEWIS**                                                                                           **PLAINTIFF**

**v.**                                    **No: 4:23-cv-01011 PSH**

**BRAD GRITTION, et al**                                                                                  **DEFENDANTS**

## ORDER

On October 30, 2025, Defendants Misty Boze, Brad Grittion, Shane Jones, Jhovanny Reyna, Rowdy Sweet, and Blake Wilson filed a Motion for Summary Judgment on the merits of Plaintiff Lewis's claims, together with a Brief in Support and a Statement of Undisputed Material Facts (Doc. Nos. 171 - 173). Lewis now has an opportunity to file a response opposing the motion. To be considered, the response must be filed within twenty-eight days of this order's entry date.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). Accordingly, Lewis's response must include legal arguments as well as evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Such evidence may include declarations or notarized affidavits that he or others have signed. Affidavits and declarations are sworn statements that are made under penalty of perjury (*see* 28 U.S.C. § 1746). Unsworn statements will not be

considered in deciding the motion for summary judgment. And to be considered, an affidavit or declaration must be based on personal knowledge of the person who signs it.

If Lewis files a response, he must also file a <u>separate</u>, short statement which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in the defendants' statement of undisputed facts; and (b) any other disputed facts that he believes must be resolved at a hearing or trial. *See* Local Rule 56.1, Rules of the United States District Court for the Eastern District of Arkansas. If Lewis disputes any of the facts set forth in the defendants' statement of undisputed facts, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.

Finally, Lewis is advised that if he intends to rely upon grievances or records that have been filed with the Court previously, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Lewis's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

Lewis may file a response to the defendants' motion for summary judgment along with a separate statement of disputed facts that complies with Fed. R. Civ. P. 56, Local Rule 56.1 and the instructions set forth in this Order within twenty-eight days. While Lewis is not required to file a response to the motion for summary judgment, if he does not respond, the facts set forth in the defendants' statement of facts may be deemed admitted by Lewis, pursuant to Local Rule 56.1(c).

IT IS SO ORDERED this 5th day of November, 2025.

_____
UNITED STATES MAGISTRATE JUDGE